## INEFFECTUAL ANTE-NUPTIAL AGREEMENT.

Circuit Court of Cuyahoga County.

ANNA BRUNNER ET AL V. EDWARD S. ISOM ET AL.

Decided, June, 1908.

*Estates—Covenant to Stand Seized Creates no Legal Estate in Ohio—*
*Recording of a Non-Recordable Instrument Not Notice.*

1. The statute of uses is not in force in Ohio and an ante-nuptial agreement to stand seized of certain property creates no legal estate therein.

2. Where the statutes of the state only provided for the recording of instruments by which "lands, tenements or hereditaments are conveyed or otherwise affected or incumbered in law," placing an ante-nuptial covenant to stand seized upon record in the recorder's office will not act as notice to purchasers for value.

*J. A. Fenner*, for plaintiff.
*Cook & McGowan* and *Squire, Sanders & Dempsey*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

In this appeal the cross-petitioners pray for the enforcement of a trust arising from technical covenant to stand seized to uses made by John Leopold in an ante-nuptial agreement entered into between him and Frederica Kuhnberger in 1864, for her benefit and that of children by the former marriage of each and by their contemplated intermarriage. Leopold subsequently by warranty deed sold the land described in that agreement to the present occupants, or their predecessors in title. The abstract of title which was furnished to the purchasers omitted mention of said agreement, and they bought without actual notice of it. The circumstance that Leopold's wife did not release her dower does not, we think, raise any presumption of such actual notice.

The record of the ante-nuptial agreement would, however, operate as notice in law, if that instrument were legally recordable. It has already been held by this court in *Barlag* v. *Leopold et al*, decided February 4, 1903, that said agreement created no legal estate, nor any right that would everripen into a legal

estate, but one cognizable only in equity.    In England, by opera-
tion of the Statute of Uses, deeds of bargain and sale and cove-
nants to stand seized to uses, created equitable estates that were
*eo instanto* transmuted into legal estates.    But if the Statute of
Uses was ever effective to that end in this state, as indicated per-
haps by Section 3 of the Ordinance of 1787, it was only tem-
porarily and until that method of conveyancing should be sup-
planted by the forms of instruments for that purpose now long
familiar to us under legislation, the early enactment of which
the ordinance itself contemplated.    From a very early day,
therefore, the Statute of Uses has been understood to be of no
force in Ohio.    *Thompson* v. *Gibson,* 3 Ohio, 339; *Helfenstene* v.
*Garrard,* 7 Ohio (pt. 1), 275; *Stilley* v. *Folger,* 14 Ohio, 610, 650;
*Carroll* v. *Olmstead,* 16 Ohio, 251; *Crawford* v. *Chapman,* 17
Ohio, 449; *Urmey* v. *Wooden,* 1 O. S., 160; *Williams* v. *First
Presbyterian Society,* 1 O. S., 478; *Thompson* v. *Thompson,* 17 O.
S., 649.

This ante-nuptial agreement, therefore, created no legal estate
whatever, and in law, as distinguished from equity, the land de-
scribed in it was neither encumbered nor affected.

At the time the ante-nuptial agreement was recorded and until
after the making by Leopold of the conveyance under which the
present occupants claim title, the recording statutes in Ohio, S. &
C., p. 458, Section 1, and par. 467, Section 8, applied only to
instruments by which lands, tenements or hereditaments are
"conveyed or otherwise affected or incumbered in law."    They
had no application to instruments relating only to equitable
estates.    *Churchill* v. *Little,* 23 O. S., 301.

It follows that the ante-nuptial agreement under which the
cross-petitioners claim, was not a recordable instrument and the
actual record thereof was not of itself notice affecting the pres-
ent occupants' title.    Their predecessors in title were purchasers
for value and without notice and took free of the trusts raised
by said agreement.

This conclusion renders unnecessary any examination of the
questions made under the statute of limitations.    The cross-pe-
tition is dismissed, and decree may be entered accordingly.